UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINE ELY, an individual,<br><br>                    Plaintiff,<br><br>   v.<br><br>GLENN CLAYTON DICK and JANE DOE DICK, individually and the marital community comprised thereof,<br><br>                    Defendants. | Case No. 2:13-cv-2185-RSM<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court upon Motion for Partial Summary Judgment Regarding Plaintiff's Claims for Damages by Defendants Glenn Clayton Dick and Jane Doe Dick. Dkt. # 21. Defendants move for summary judgment solely as to Plaintiff's claim for damages beyond three months after the date of the subject accident, including medical expenses for physical therapy treatment. No party has requested oral argument, and the Court deems it unnecessary. Having considered the parties' memoranda and supporting exhibits and for the reasons stated herein, Defendants' Motion shall be denied.

## BACKGROUND

This case arises out of a motor vehicle accident that occurred on May 21, 2013. Plaintiff, Christine Ely, was knocked from her bicycle upon colliding with Defendants' recreational vehicle ("RV"), which Mr. Dick was driving westbound on East Southern

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT- 1

Avenue in Mesa, Arizona. Ms. Ely was transported via ambulance to the emergency room ("ER") on the date of the accident for medical care, where she was treated for various lacerations, including to her thighs and forearms, and received x-ray imaging for fractures. Dkt. # 21, p. 38. Plaintiff was strapped to a gurney throughout this treatment and denied any neck or back pain at the time. *See* Dkt. # 22, Ex. 1A (Ely Dep.).

On October 14, 2013, Plaintiff presented at MDM Physical Therapy, complaining of an increase in pain and symptoms during the intervening months, including a lack of motion in her left index finger, pain and hypersensitivity in her left lateral thigh, and pain in her lower back, lumbar and pelvis area. Dkt. # 22, Ex. 2 (Mooney Decl.). Plaintiff was treated for these symptoms over the course of twenty-one sessions by physical therapist Mark D. Mooney. *See* Dkt. # 21, pp. 20-22; Mooney Decl.

Through the instant Motion, Defendants move the Court to dismiss Plaintiff's claim for damages associated with this physical therapy treatment. Although liability is contested, it is not the subject of the instant Motion. While Defendants do not contest the initial ER treatment and billing, they assert that Plaintiff has failed to meet her burden of introducing competent expert medical testimony to show that Defendants' allegedly negligent conduct proximately caused the injuries that Plaintiff alleges were ongoing after her initial treatment. In support of their Motion, Defendants rely on an expert report by Dr. Edward Dagher, whose opinion is based solely on a review of Ms. Ely's medical records. *See* Dkt. # 21, pp. 32- 39. On response, Plaintiff relies on her own deposition testimony regarding the initiation of her

lower back pain, as well as a report by her treating physical therapist, Mr. Mooney. *See* Dkt. # 22, Ex.'s 1-2. Defendants have not filed a brief in reply to these evidentiary submissions.[1]

## LEGAL STANDARD

Summary judgment is to be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In this way, the summary judgment vehicle serves "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Courts apply a burden-shifting analysis in determining summary judgment. Where, as here, the non-moving party bears the burden of proving the claim at trial, the moving party can meet its initial burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (1) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323-24; Fed. R. Civ. P. 56 (c)(1).

If the moving party meets its initial responsibility, the burden shifts to the opposing party to produce sufficient evidence to establish that a genuine dispute as to a material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of a factual dispute, the opposing party may not rely upon her pleadings, but is instead required to cite to specific materials in the record, such as affidavits, depositions, and declarations. Fed. R. Civ. P. 56(c)(1)(A); *Matsushita*, 475 U.S. at 586. The non-moving party need not establish a material issue of fact conclusively in

---

[1] In lieu of a reply brief, Defendants have re-filed their Motion with identical supporting exhibits. *See* Dkt. # 23.

her favor. Rather, it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

Material facts are those that may affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In ruling on a motion for summary judgment, the court does "not weigh the evidence or determine the truth of the matter but only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco*, 41 F.3d 547, 549 (internal citations omitted).

Inferences drawn from underlying facts are viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F.3d 337, 345 (9th Cir. 1995). Likewise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

## ANALYSIS

Defendants rest their summary judgment motion on two grounds. They principally contend that Plaintiff has failed to provide any expert testimony or opinion to show that her alleged medical conditions after her initial ER visit were causally linked to the accident. They assert that without such competent medical testimony, Plaintiff is unable to carry her burden to prove an essential element of her negligence claim at trial. In addition, Defendants offer the expert report of Dr. Dagher as affirmative evidence that Plaintiff's 21-visit course of physical

therapy was unrelated to the May 21, 2013 accident.

In support of their Motion, Defendants assert that only the testimony of a medical doctor with sufficient knowledge of orthopedic medicine would qualify as competent evidence to show proximate causation of Plaintiff's allegedly ongoing injuries and therefore permit recovery for her physical therapy treatment. *See* Dkt. # 21, p. 9. According to Defendants, Plaintiff's own lay testimony and that of her physical therapist are insufficient to casually link Plaintiff's injury and treatment needs to Defendants' actions. On response, Plaintiff contends that Defendants overlook evidence offered by her to support her damages claim, including the testimony of Mr. Mooney and associated billing records.

Among the elements on which Plaintiff bears the burden of proof at trial for her negligence claim, Plaintiff must show that Defendants' breach of a preexisting duty was the proximate cause of her injury. *Reynolds v. Hicks*, 134 Wash.2d 491, 951 P.2d 761 (1998). Evidence establishing proximate causation must rise above speculation, conjecture, or mere possibility. *Attwood v. Albertson's Food Centers, Inc.*, 92 Wash.App. 326, 331, 966 P.2d 351 (Wash. Ct. App. 1998). Generally, the issue of proximate causation is a question for the trier of fact. *Bernethy v. Walt Failor's Inc*, 97 Wash. 2d 929, 935, 653 P.2d 280 (1982). Proximate causation may, however, become a question of law for the court "only when the facts are undisputed and the inferences therefore are plain and incapable of reasonable doubt or difference of opinion." *Id.*

Where recovery is sought for physical injuries allegedly caused by a defendant's wrongful act, "the plaintiff must produce evidence to establish, with reasonable certainty, a causal relationship between the injury and the subsequent condition, so that the jury will not be indulging in speculation and conjecture in passing upon the issue." *Orcutt v. Spokane*

*County*, 58 Wash.2d 846, 853, 364 P.2d 1102 (1961). Where an injury involves "obscure medical factors which are beyond an ordinary lay person's knowledge, necessitating speculation in making a finding," the plaintiff must produce expert testimony to make this showing of a causal link between defendant's negligent act and the injury complained of. *Riggins v. Bechtel Power Corp.*, 44 Wash.App. 244, 254, 722 P.2d 819 (Wash. Ct. App. 1986), *citing Bennet v. Department of Labor & Indus.*, 95 Wash.2d 531, 533, 627 P.2d 104 (1981); *see also Orcutt*, 58 Wash. 2d at 853 (medical testimony is required "when the causal relationship is not clearly disclosed by the circumstantial evidence"). Medical testimony used to show causation "must be sufficient to establish that the injury-producing situation 'probably' or 'more likely than not' caused the subsequent condition, rather than that the accident or injury 'might have,' 'could have,' or 'possibly did' cause the subsequent condition." *Merriman v. Toothaker*, 9 Wash.App. 810, 814, 515 P.2d 509 (Wash. Ct. App. 1973).

Here, the Court finds that Plaintiff has met her burden to produce sufficient evidence to create a genuine issue of fact for trial as to whether her injuries following her initial ER visit were proximately caused by Mr. Dick's negligent driving. As to the first ground argued by Defendants – the lack of evidence proffered by Plaintiff to show causation – the Court agrees with Plaintiff that Defendants overlook the value of testimony by Ms. Ely's treating physical therapist. Mr. Mooney's declaration describes in detail the course of his treatment of Ms. Ely. It also states his opinion that her symptoms "could only have resulted from a traumatic injury preceding her beginning therapy" and that their progressive worsening is typical of motor vehicle injuries. Mooney Decl. at p. 2. Plaintiff's testimony that she had no back pain prior to the motor vehicle accident corroborates the causal link between her

ongoing injuries and Defendants' conduct. Ely Dep. at p. 54:3-4. Whether this evidence is credible is a question for the jury to determine. At this stage, however, the Court finds sufficient evidence in the record to permit the jury to locate the requisite causal nexus.

The Court disagrees with Defendants that evidence by Plaintiff and her physical therapist is insufficient as a matter of law to support a judgment in her favor. Defendants offer no authority for the proposition that only expert testimony by a qualified orthopedist could be competent to show causation. Rather, courts routinely find the testimony of treating health practitioners sufficient to show causation. *See, e.g., Xieng v. Peoples Nat. Bank of Washington*, 63 Wash.App. 572, 526, 821 P.2d 520 (Wash. Ct. App. 1991) (finding medical testimony by plaintiff's psychiatrist sufficient to demonstrate proximate causation). Defendants, who have not deposed Mr. Mooney, question neither the physical therapist's competence to opine on the causation of Plaintiff's injuries, nor the foundation for his opinions. Nor do Defendants argue that Mr. Mooney was not properly disclosed to opine on these issues.

Further, the authority to which Defendants cite for the proposition that a treating practitioner's opinion is insufficient to show causal relationship is distinguishable from the case at hand. In *Carlos v. Cain*, relied on by Defendants, the court found the testimony of plaintiff's dentist insufficient to show causation because he testified only that the "psychological trauma of the accident *could* produce" plaintiff's condition. 4 Wash.App. 475, 477, 481 P.2d 945 (Wash. Ct. App. 1971) (emphasis added). A jury relying on the dentist's testimony in *Carlos* would thus have been required to resort to a realm of conjecture, whereas a jury relying on Mr. Mooney's declaration would have evidence of the probable source of Plaintiff's ongoing injuries.

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT- 7

The Court also disagrees with Defendants that Dr. Dagher's expert report is sufficient to void any factual dispute. Dr. Dagher, who has not physically examined Plaintiff, opines that Ms. Ely would have recovered from her injuries no later than three months after the May 21, 2013 accident. Dkt. # 21, p. 33. At the same time, he opines that, giving Plaintiff the "benefit of the doubt," a limited amount of physical therapy "would have been indicated clinically, and specifically for the purpose of developing an independent home exercise program." *Id.* at p. 34. Thus, construing all inferences in favor of Plaintiff, as the Court must at this stage, even Dr. Dagher's report raises an issue of fact as to the proximate cause of Plaintiff's ongoing injuries and the treatment necessitated by them. Further, his opinion that her injuries had resolved themselves prior to physical therapy is contradicted by Mr. Mooney's declaration, creating an issue of material fact as to causation that requires resolution by a jury. As the Court finds that Plaintiff has carried her evidentiary burden, partial summary judgment on the damages question must accordingly be denied.

## CONCLUSION

For the above-stated reasons, the Court hereby ORDERS that Defendants' Motion for Partial Summary Judgment (Dkt. # 21) is DENIED.

DATED this 30th day of April 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE